UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| EVERETT JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | No. 6:24-CV-61-CHB-HAI |
| v. | ) ) | |
| JOE ENGLE, *et al*., | ) ) ) | ORDER |
| Defendants. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 19, 2025, Plaintiff, through counsel, filed a Notice Requesting Telephonic Discovery Conference. D.E. 37. The Notice seeks "a telephonic discovery conference to address outstanding discovery deficiencies." *Id*. Concerning the actions taken to resolve the dispute, the motion describes "multiple efforts" to resolve the issue, "including deficiency letters" and a recent email. Plaintiff says Defendants "have failed to provide substantive responses" and "Plaintiff considers the meet-and-confer process exhausted." *Id*.

District Judge Boom's Case Management Order requires that, in the event of a discovery dispute:

  A.  The parties shall first confer (**which means orally discuss the issue**) in an attempt to resolve disputes between themselves, without judicial intervention.

  B.  If the parties are unable to resolve a dispute informally, they shall request a telephone conference with the Magistrate Judge.

1

D.E. 4 ¶ 5 (emphasis added). An oral discussion means a live conversation in person or over the phone or video. Letters and emails do not satisfy the oral-discussion requirement. Plaintiff's Notice does not indicate that the parties have orally discussed the discovery issue. Accordingly, the request for a discovery-dispute teleconference (D.E. 37) is **DENIED WITHOUT PREJUDICE**.

This the 16th day of April, 2025.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge